PETERSON and another *v.* SIMPKINS.[1]

*(Circuit Court, E. D. Missouri.   October 31, 1885.)*

1. PATENTS—PRIMA FACIE CASE—DIRECT EVIDENCE OF INFRINGEMENT BEFORE
   INSTITUTION OF SUIT UNNECESSARY.
      In a suit by A. against B. for the infringement of a patent upon an oven,
   evidence was introduced that A. sent C. to examine and make drawings of an
   infringing oven in D.'s possession, the drawings being for use in the suit;
   that when D. was requested to let C. see the oven he said there was litigation
   concerning it, but that he could see it if he got an order from B., who had
   erected it; that B. gave C. an order when requested; that upon presentation
   of the order the oven was shown; that C. sketched what he could see of the
   oven as it stood, and made drawings partially from his sketch, and partially
   from explanations given by B., who was told that the drawings were for use
   in the suit against him; that said oven and another which E. had seen were
   identical with the one described in A.'s patent, and that E. "understood" both
   ovens had been erected by A.   No date of the erection of any oven by B. was
   named in the testimony.   The defendant introduced no evidence, but his an-
   swer denied infringement, under oath.   *Held,* that the evidence made out a
   *prima facie* case of infringement, and that A. was entitled to a decree.

2. SAME—RECORD EVIDENCE—INTRODUCTION AFTER SUBMISSION OF CASE.
      The defendant, in a suit for infringement, set up as a defense that the com-
   plainant's device had been described in certain prior patents.   No notice of
   what the defense would be was served.   At the hearing the case was submit-
   ted upon the plaintiff's evidence, which the defendant claimed failed to make
   out a *prima facie* case of infringement.   Upon the court's intimating that a
   sufficient case was made out, the defendant asked to be permitted to introduce
   in evidence the patents described in his answer.   *Held,* that they could not be
   received.

In Equity.

This was a bill to restrain the defendant from infringing letters
patent No. 252,054, granted to E. A. C. Peterson, as inventor, and
Henry Piper, as assignee, January 10, 1882.   The defendant's an-
swer, which is upon oath, denies the infringement and the other ma-
terial allegations of the bill, and sets up, as matters of affirmative de-
fense, public use of the invention for two years before the application
for the patent sued upon, and description of the same improvements
in four prior patents: two issued by the United States, and two by
the German Empire.

The evidence and testimony for the complainant is as follows:   (1)
A copy of the letters patent sued on.   (2) A duly-recorded assignment
from Peterson to Piper.   (3) Drawings and sketches referred to in the
testimony of the witnesses.   (4) The deposition of Charles Pickels to
the following facts, to-wit:   That the drawings offered in evidence
were made in his office and under his instructions, at Mr. Knight's re-
quest, for use in this suit, and represent a baker's oven seen by him
at the Christian Brothers' College in St. Louis; that he went to the
college to see and sketch the oven at the request of Mr. Knight; that
when he got there and requested to see the oven in question, the pres-
ident of the college said he understood there was some litigation in

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

regard to it, and that he did not care to get mixed up in the matter, but that he would let witness see the oven if he would get an order from Mr. Simpkins, who, as he stated, had put the oven up; that witness called to see Mr. Simpkins, asked if he had any objection to witness's seeing the oven, and if he would give an order to see it; that he said he would, and signed an order which the witness then took to the president of the college, who instructed one of the brothers to show the oven to the witness, which was done, [all that was said during either of witness' visits to the college objected to as immaterial and incompetent;] that witness then made the sketches offered in evidence, which he thought would answer to make drawings from; that the drawings illustrated such parts of the oven as witness could see from the oven's mouth and from the door; that the balance, which could not be seen, Mr. Simpkins explained to him from a model and sketches; that he told Mr. Simpkins what he wanted the drawings for, and that "there was a direct understanding between both" of them. [Testimony as to what Mr. Simpkins explained, and as to whether or not he knew what the drawings were for, objected to as incompetent and immaterial.] (5) The testimony of E. A. C. Peterson that he had seen ovens at the Vienna bakery and the Christian Brothers' College that he "understood" had been built by the respondent, which were like those represented by the drawings in evidence, [testimony as to what witness "understood" Mr. Simpkins had built, objected to as incompetent and immaterial;] that he is familiar with the letters patent sued on, has built ovens in accordance with the patent since 1880, and had built over a hundred of them, and that he had kept a sharp lookout for others building the same sort of ovens, but had seen none except at the Vienna bakery and the Christian Brothers' College.

The witnesses were not cross-examined, and the defendant took no testimony and served no statement of the defense, for the reason that he conceived that the plaintiff had failed to make out a *prima facie* case of infringment by defendant, and that until that was done he had no defense to make within the meaning of the rule.

On the hearing the case was first submitted on the plaintiff's evidence, the defendant relying upon its insufficiency to make out a *prima facie* case, because for the most part hearsay, as he claimed, and because it did not show any infringement before the bill herein was filed; but upon the court's intimating that the *prima facie* case was perhaps sufficient, the defendant asked to be allowed to put in evidence the documentary evidence set forth in his answer, being certain patents describing the alleged improvement by plaintiff which had been issued before the patent in suit. The court refused to receive this evidence under the circumstances, and delivered the following opinion October 24, 1885:

*George H. Knight,* for complainant.

*Paul Bakewell,* for respondent.

TREAT, J., (*orally*.) I regret that this case was presented to the court in the manner that it was. It is a patent case. There is nothing before the court but, assuming the patent to be valid, whether this defendant has infringed. It is thought by counsel that the testimony does not show that fact, or that he had anything to do with this baker's oven, which seems to have been specially examined. I think the testimony shows that he had. The proof is sufficient, to the mind of the court, that he put up the oven and controlled and managed it, and impliedly, if not directly, acknowledged that it was his work. In that case, as the matter is but imperfectly before the court, and as it is here now for final hearing, I can do nothing more than to grant an injunction and let the case go to a master to assess damages.

The defendant thereupon filed a motion for a rehearing, and October 31, 1885, the following opinion upon it was delivered:

TREAT, J., (*orally*.) This is a patent case on the equity side of the court. I have gone over the motion for a rehearing with painstaking care, and carefully considered the questions involved. I have examined also the decisions of the supreme court with regard to these matters in order to verify my action, not only for the purposes of this case, but also for my conduct hereafter, to see whether I had been in error or not with regard to what is their true construction, and I find the decisions of the supreme court fully sustain what I determined with regard to this matter, leaving open only one question, which is a question of fact, submitted to the chancellor in the light of the testimony. I cannot see, after going over that testimony again, how any other conclusion can be reached than that Mr. Simpkins did, in connection with this bake-oven, put it up, and that it is practically so admitted. I shall overrule the motion.